```
         UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS

ROBERT GRAHAM,                    )
                                  )
     Petitioner,                  )
                                  )   C.A. No. 05-10128-NG
     v.                           )
                                  )
SUPERINTENDENT GERALD J. HORGAN,  )
ET AL.,                           )
     Respondents.                 )
```

MEMORANDUM AND ORDER

GERTNER, D.J.

For the reasons stated below, Petitioner's habeas petition shall be dismissed without prejudice, and his request for *in forma pauperis* status shall be denied as moot in view of the dismissal. Finally, this habeas petition shall be deemed to be a petition pursuant to 28 U.S.C. §2241 and not §2254, and the clerk shall correct the docket accordingly.

FACTS

On January 10, 2005, Petitioner Robert Graham, then an inmate at the Suffolk County House of Correction, filed a habeas petition which the Clerk's Office opened as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In his petition, Graham challenges his continued custody in light of the reversal of his state conviction for assault and battery and resisting arrest. Graham claims that on December 7, 2004, his conviction was overturned by the Appeals Court, however his release date has been delayed awaiting the

28 day appeal period. He further claims that "someone" in the Commonwealth granted an eight (8) day extension of the appeal period, and that such an extension was erroneous and unlawful. In his petition, he seeks immediate release from custody or an explanation why he was still being held.

Graham also sought to proceed *in forma pauperis*, but failed to file any financial information or an Application to Proceed Without Prepayment of Fees, or a prison account statement.

## ANALYSIS

I.  <u>The Petition is moot in view of Petitioner's release</u>.

This Court has been advised that on January 13, 2005, the Petitioner was released from custody, and that Graham's release from custody was stayed pending the 28 day appeal period, and that the Superior Court took a week to compile the record and issue an order of release.

In light of Graham's release, there does not appear to be an issue of continued unlawful custody. In effect, Graham has gotten the relief he sought in the habeas petition. Accordingly, the petition shall be dismissed without prejudice as moot. However, in the event that Petitioner Graham opposes the dismissal and asserts collateral consequences as a result of his inability to pursue habeas relief, the Court will permit this action to be re-opened, provided such assertion is timely made.

II.  **This action is deemed to be a §2241 habeas petition.**

Although this action was opened by the Clerk's Office as a petition under 28 U.S.C. §2254, Graham is not collaterally attacking an underlying state conviction or sentence.  He is claiming unlawful continued custody in light of the reversal of his conviction.  A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or conditions of a sentence's execution. Gonzalez, 150 F. Supp. 2d at 240; accord, United States v. Barrett, 178 F.3d at 50 n. 10 (§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001).

Accordingly, this petition is more properly categorized as a §2241 habeas petition rather than a §2254 petition.  This is a technical correction and does not effect any substantive rights of the Petitioner.

III. **Request for Leave to Proceed *in forma pauperis*.**

Generally, s state prisoner filing a habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without prepayment of fees.  See 28 U.S.C. §1914(a)(filing fees); §1915(proceedings *in forma pauperis*).  An Application for

waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by §1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. §1915(a)(2).  Here, Graham has stated he is indigent, but has not submitted the requisite financial information for the Court to make such determination. The motion is therefore denied without prejudice on that basis, and on the grounds that the motion is moot in view of this Memorandum and Order of dismissal.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED:

1. Graham's petition is deemed to be a petition filed under 28 U.S.C. §2241 and not §2254, and the clerk shall correct the docket accordingly.

2. Graham's petition shall be dismissed without prejudice as moot at this time, in view of his release from custody on January 13, 2005.  This dismissal is without prejudice to re-open this action in the event that Petitioner Graham opposes the dismissal and asserts collateral consequences as a result of his inability to pursue habeas relief, provided such assertion is timely made.

3. Graham's motion for leave to proceed *in forma pauperis* is Denied without prejudice.

/s/ Nancy Gertner

```
                              NANCY GERTNER
                              UNITED STATES DISTRICT JUDGE
```

Dated: January 31, 2005